

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

WK/ABS:SWR  *271 Cadman Plaza East*
F. #2018R0124  *Brooklyn, New York 11201*

June 26, 2018

By Hand Delivery and ECF
Larry H. Krantz, Esq.
Krantz & Berman LLP
747 Third Avenue, 32nd Floor
New York, New York 10017

Lisa Cahill, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017

      Re: United States v. Gary Peresiper
           Criminal Docket No. 18-280 (SJ)

Dear Counsel:

      Enclosed please find the government's initial discovery on the enclosed disc (the "Production"). The Production has been encrypted, and the password will be sent to you separately by email. The contents of the Production have been designated "confidential" under the terms of the Protective Order filed with the Court in this case that was agreed to and acknowledged by you. The government also requests reciprocal discovery from the defendant.

I.    The Government's Discovery

    A.    The Defendant's Criminal History

      A copy of the defendant's criminal history is in the folder "Criminal History," on the enclosed disc. (DOJ_GSP_000001 to 2).

B.  Documents and Tangible Objects

The government has obtained documents and records from multiple third-party sources. Included in the production are folders containing the following documents, which are labeled accordingly:

1) Claims data records (DOJ_GSP_000003);

2) Financial records from TD Bank (DOJ_TDB_00001 through DOJ_TDB_006233); and

3) Financial records from JPMorgan Chase (DOJ_JPMC_00001 through DOJ_JPMC_000577).

C.  Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

D.  Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any expert that the government intends to call at trial and provide you with a summary of the expert's opinion.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

E.  Brady Material

The government is not aware of any exculpatory material regarding the defendant. The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials. See Giglio v. United States, 405 U.S. 150 (1972).

F.  Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendant's Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, the government requests that the defendant have copies of those statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

IV.     Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of the Office cannot and does not constitute a "formal offer" or a "plea offer,"

3

as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

        Very truly yours,

        RICHARD P. DONOGHUE  
        United States Attorney

By:    /s/ Sarah Wilson Rocha  
        Sarah Wilson Rocha  
        Assistant U.S. Attorney  
        (718) 254-6366

Enclosures

cc:    Clerk of the Court (SJ) (by ECF) (without enclosures)